IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CR-03-131-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| TIMOTHY JAMES BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to *United States v. Booker*, 125 S. Ct. 738, 769 (2005) and *United States v. Ameline*, 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc), the Ninth Circuit remanded this case to allow the Court to consider whether it would impose the same sentence had the sentencing guidelines been advisory rather than mandatory at the time of the original sentencing. *See* Docket No. 131. Defendant subsequently filed a Request for Resentencing Hearing (Docket No. 141) docketed as a Motion to Reduce Sentence.

For the reasons set forth below, the Court has determined that it would not

**Memorandum Decision and Order - 1**

have imposed a materially different sentence under advisory guidelines.  Thus, Defendant's original sentence stands, subject to appellate review based on the *Booker* reasonableness standard.  *See Ameline,* 409 F.3d at 1074-75; 1085.

## BACKGROUND

On February 26, 2004, the Court sentenced Defendant to a term of imprisonment of 181 months consisting of 121 months on Count 3 (Possession with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1)) and 120 months on Count 5 (Unlawful Possession of a Firearm in violation of 18 U.S.C. § 922(g)), to be served concurrently with each other, and 60 months on Count 4 (Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)) to be served consecutively to the sentences for Counts 3 and 5.[1]  *See* Judgment (Docket No. 118).  The sentence was based on an offense level of 30 with a criminal history category of III.  The offense level was calculated solely on the stipulated amount of methamphetamine found during a search of Defendant's home.  *See* Stipulation (Docket No. 94).  Defendant subsequently appealed his conviction and sentence to the Ninth Circuit Court of Appeals challenging this Court's admission under Fed. R. Evid. 404(b) of evidence of Defendant's prior

---

[1] Defendant pled guilty without the benefit of a plea agreement to Count 5.  *See* Docket No. 81.  A jury returned a verdict finding him guilty of Counts 3 and 4.  *See* Docket No. 93.

**Memorandum Decision and Order - 2**

drug distribution activities and under Fed. R. Evid. 702 of expert witness testimony regarding the habits of drug traffickers. The Ninth Circuit affirmed the conviction but, as stated above, remanded for resentencing.

In accordance with the procedures set forth in *Ameline*, the Court provided Defendant with an opportunity to opt out of resentencing and sought briefs from counsel regarding whether or not the sentence should be materially different. In his brief, Defendant contends that he should be resentenced for several reasons, some of which will be discussed below. *See* Def.'s Req. for Resent. Hrg. (Docket No. 141). Defendant also provided supplemental materials for the Court's consideration consisting of various Program Review Reports. *See* Docket Nos. 143 and 144.

The Government filed a Response indicating that it has no objection to re-sentencing but noting that it does not concede that a lower sentence is mandated. *See* Docket No. 145.

## APPLICABLE LAW AND DISCUSSION

*Ameline* instructs that if a district court judge determines that the sentence imposed would not have differed materially under an advisory guideline scheme, the judge "should place on the record a decision not to resentence, with an appropriate explanation." *Id.* at 1085.

**Memorandum Decision and Order - 3**

In making its determination on remand, the Court has examined the Special Verdict Form (Docket No. 93); Stipulation to Fact (Docket No. 94); Presentence Report and Addendum prepared for the original sentencing; Defendant Butler's Objections to Presentence Investigator's Report and Sentencing Memorandum and Motion for Section 4A1.3(b) Downward Departure (Docket No. 109); the Government's Objection to Motion for Downward Departure (Docket No. 110), the transcript of the original sentencing hearing, the briefs of the parties, and *Booker* and *Ameline*.

While many Defendants have argued before this Court that the Guidelines should not be the starting point for determining a reasonable sentence, this Court has consistently adhered to the principle that the guidelines *are* the starting point and that a sentence should be outside the guidelines only if the guidelines sentence is unreasonable after taking into consideration the factors enumerated in 18 U.S.C. § 3553(a).[2] The Court will apply that approach when addressing the issues raised

---

[2] The § 3553(a) factors may be summarized as: nature and circumstances of the offense; history and characteristics of the defendant; need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; need for adequate deterrence; need to protect the public; need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; kinds of sentences available; kinds of sentences and sentencing range established by the Guidelines; Sentencing Commission policy statements; need to avoid sentencing disparities; and the need for restitution.

**Memorandum Decision and Order - 4**

by Defendant.

    **1.**    **Criminal History Level**

The Presentence Report calculated Defendant's criminal history category as a III based on five (5) criminal history points consisting of two (2) points for a withheld judgment entered on a battery conviction on May 9, 2000, where the withheld judgment and the Defendant's probation were subsequently revoked; one (1) point for a possession of drug paraphernalia conviction of May 11, 2001; and two (2) points for committing the instant offense while on probation for the battery offense.

At the original sentencing, Defendant moved for a downward departure on the grounds that the criminal history category of III substantially over-represented the seriousness of his past criminal conduct and the likelihood that in the future he will commit another crime. The Government responded that his criminal history category resulted from his repeated probation violations following his conviction for a crime of violence. The Court adopted the view of the Government in denying the downward departure stating:

> I think that the Criminal History Category is dead on as far as capturing the potential for recidivism by this Defendant.
>
> It is true that the Defendant has been convicted of only one serious crime, that is, battery, and also was assessed

**Memorandum Decision and Order - 5**

another point. I believe it was possession of drug paraphernalia, as I recall. But the points he's assessed based upon that crime are simply a straightforward calculation of the Guidelines, which assumes that if the person is on probation while they are committing another offense, that that reflects a disregard for the law, which makes the person a greater risk to re-offend in the future.

The fact that this Defendant was on probation and had these on-going problems, because he couldn't bring himself to comply with the terms and conditions of probation over an extended period of time, doesn't change that. The fact that he was unable to comply with the conditions and kept coming back before Judge Bieter or the other judges that may have handled his case does not give me any comfort that this Defendant possesses any less of a risk than would one who simply had been charged, placed on probation shortly before this offense occurred.

What it does indicate is that the Defendant has consistently failed to respect court orders by failing to appear, failing to comply with probation, failing to pay fines. I think it is very commonplace under the Guidelines for defendants with similar background and similar history to in fact receive four points for a single conviction based upon the two or three points for the prior conviction, and then two points for committing the present crime while on supervised release or probation.

I think were the Court to depart under these circumstances, it would vary from the kind of parlay and principle that the departure are to be the exception and should not be commonplace. I think it would negate the policy found within the Guidelines of more severely punishing a Defendant who has shown a consistent disregard for the law and would minimize the seriousness of the Defendant's prior actions. . . .

**Memorandum Decision and Order - 6**

> And as I would indicate, the fact that the Defendant was so willing to engage in criminal conduct while on probation to me greatly increases the chance that he will, the in future, commit other crimes, as it indicates a lack of respect for the law.

Sent. Hrg. Tr. 21:16 - 23-20.

Defendant now contends on resentencing that the Court's finding on criminal history was based on a less than reasonable doubt standard violating the Sixth Amendment, *Apprendi*, and *Booker*.

In *Apprendi*, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases a defendant's sentence beyond the statutory maximum must be submitted to a jury and proven beyond a reasonable doubt. *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000).  The Supreme Court subsequently reaffirmed that rule, including the prior convictions exception, while clarifying that the "statutory maximum" referred to in *Apprendi* is "the sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington,* 124 S.Ct. 2531, 2537 (2004) (emphasis in original).  Finally, the Supreme Court once again reaffirmed its holding in *Apprendi*, including the provision convictions exception, when addressing the constitutionality of the federal sentencing guidelines.  *United States v. Booker*, 125 S.Ct. 738, 756 (2005).

**Memorandum Decision and Order - 7**

The Introductory Commentary to Chapter 4, Part A, of the Sentencing Guidelines states in part:

> A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence. To protect the public from further crimes of the particular defendant, the likelihood of recidivism and future criminal behavior must be considered. Repeated criminal behavior is an indicator of a limited likelihood of successful rehabilitation.

The criminal history category in this case was properly calculated, and the Court finds nothing in § 3553(a) to justify disturbing its finding that Defendant's criminal history demonstrates a likelihood of recidivism. In fact, the adequate deterrence and protection of the public considerations discussed in the commentary are also factors to be considered in § 3553(a). However, the inquiry does not end here because, for the first time, Defendant asserts that he entered a *nolo contendere* plea to both the battery offense and possession of drug paraphernalia offense. Not only was this assertion not raised at sentencing, it was not raised on appeal. However, even if it had been, Defendant would not have prevailed.

Defendant argues that while sufficient to support a conviction, the *nolo contendere* pleas are not admissions of guilt in subsequent proceedings. His

**Memorandum Decision and Order - 8**

reliance on *United States v. Willis*, 106 F.3d 966 (11th Cir. 1997), is misplaced. *Willis* involved the use of a conviction based on a *nolo contendere* plea as a predicate offense to a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Pursuant to 18 U.S.C. § 921(a)(20), state law determines what constitutes a conviction. State law in *Willis* required that there be an adjudication of guilt by plea of guilty or jury verdict to constitute a conviction. *Id.* at 970. Unlike *Willis*, Defendant here was convicted under a different subsection of § 922(g). He was convicted under § 922(g)(3) for being an unlawful user of a controlled substance in possession of a firearm. There is no reference to conviction in that statute, and there is no indication in § 4A1.1 or § 4A1.2 that any criminal history determinations are to be made on the basis of state law.

     Defendant's battery conviction was assessed two points pursuant to § 4A1.1(c) as a "prior sentence" not counted in (a) or (b). Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon an adjudication of guilt, whether by guilty plea, trial, or *plea of nolo contendere*, for conduct not part of the instant offense." Pursuant to § 4A1.2(f), even if a conviction is not formally entered following a *nolo contendere* plea, the disposition is counted as a sentence. Therefore, even if Defendant had not violated his probation following the battery conviction, criminal history points would have been assessed. This

**Memorandum Decision and Order - 9**

comports with the policy that "defendants who receive the benefit of a rehabilitative sentence and continue to commit crimes should not be treated with further leniency." U.S.S.G. § 4A1.2, cmt., n. 9.

Accordingly, the Court determines that the criminal history category calculation of III is proper and is not overstated.

### 2. Drug Weight Calculation

Defendant's base offense level was calculated at a 30 based on a Stipulation of Fact entered into during trial as follows:

> Exhibit One, consisting of a plastic bag containing off-white rocks and powder, is a mixture or substance containing a detectable amount of methamphetamine. The total of this mixture or substance is 373.59 grams. Methamphetamine is a Schedule II controlled substance.

Docket No. 94.

Defendant now contends that he was not told that the drug quantity would have a significant effect on his sentencing range and that he had the right to have that amount proved to a jury. He claims that under *Apprendi*, since he was not questioned by the Court in the same manner as if he were entering a guilty plea, the drug quantity cannot be used against him. According to *Apprendi*, the Court can impose a sentence based on facts admitted by the Defendant. He clearly admitted the drug quantity in the stipulation. *Ameline* states that when resentencing a

**Memorandum Decision and Order - 10**

defendant, the Court "is permitted to take a fresh look at the relevant facts and the Guidelines consistent with *Booker*, the Sentencing Reform Act of 1984, Rule 32 of the Federal Rules of Criminal Procedure, and this opinion." *Ameline*, 409 F.3d at 1085.  The Court does not believe that taking a fresh look at the facts includes entertaining a challenge to a stipulated fact not raised until remand.

Defendant also contends that because the Court can now consider § 3553(a) factors, it should reduce the offense level to 28 because the drug quantity stipulated to was only 24.20 grams over the threshold for a level 30.  Although the Court can now consider § 3553(a) factors, it will not do so in the context of reducing the offense level.  Level 30 remains that appropriate offense level under the guidelines.

### 3. Actual Innocence and Acceptance of Responsibility

Defendant contends that he is actually innocent of the § 924(c) charge because "passive possession was insufficient to show use of a firearm during a drug trafficking crime."  *Bailey v. United States*, 516 U.S. 137 (1995).  This argument must fail for two reasons.  First, Defendant was charged under § 924(c) with possession in furtherance of drug trafficking activity, not use.  *Bailey* was concerned only with what constituted use.  Secondly, Defendant did not challenge his § 924(c) conviction on appeal, so it must still be considered by the Court for

**Memorandum Decision and Order - 11**

resentencing purposes.

Defendant also argues that although he vigorously contested the possession of methamphetamine and firearm charges, he is entitled to an adjustment for acceptance of responsibility because he pled guilty to the possession by an unlawful user charge.  He contends that the Court was unable to grant an adjustment because of strict adherence to the Guidelines.  In reality, however, the Court declined to grant the adjustment because it concurred with the Presentence Report that an adjustment was not warranted because Defendant did not plead guilty to Count 5 until the day of trial, would not make a statement about or acknowledge the conduct underlying his convictions in Counts 3 and 4 in a post-trial interview with the Probation Officer, and did not go to trial just to challenge the constitutionality or applicability of the statutes of conviction.[3]

### 4.     Exemplary Performance in Pretrial and Post-Conviction Incarceration

Defendant contends that his exemplary performance in prison is a countervailing factor to his exaggerated criminal history.  He feels that based on his achievements, the Court should impose a sentence equivalent to the mandatory

---

[3] Application Note 3 to § 3E1.1 observes that while conviction by trial does not automatically preclude an adjustment for acceptance of responsibility, such adjustments are rarely granted except where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt.

**Memorandum Decision and Order - 12**

minimum sentences for his counts of conviction.

The Court finds Defendant's post-sentencing performance and achievements to be both impressive and laudable. However, the limited remand to the Court does not give it license to consider factors that have occurred since sentencing.

## CONCLUSION

The Court declines to address the remaining factors cited by Defendant in support of a sentence reduction. As he observed in his brief, because of the statutory mandatory minimum sentences involved, he would be entitled at most to a one-month reduction, i.e. from 181 months to 180 months. Indeed, even if it reduced the criminal history category, granted an adjustment for acceptance of responsibility, or found a reduction based on § 3553(a) factors was warranted, the Court would still be required to impose a sentence of at least 180 months. While the Court acknowledges that one month is not immaterial or inconsequential to Defendant, the Court cannot say, in the context of 181 months, that a sentence of 180 months is materially different.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Request for Resentencing Hearing docketed as Motion to Reduce Sentence (Docket No.

**Memorandum Decision and Order - 13**

141) is DENIED.

IT IS FURTHER HEREBY ORDERED that the sentence imposed on February 26, 2004 (Docket No. 118) would not have been materially different under advisory guidelines.  Therefore, the original sentence stands, subject to appellate review based on the reasonableness standard established in *Booker*.

DATED:  **December 22, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 14**