IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY JAMES BUTLER, ) | |
| ) | Case Nos.  CV-06-520-S-BLW |
| Petitioner-Defendant, ) | CR-03-131-S-BLW |
| ) | |
| v. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent-Plaintiff. ) | |
| ) | |

Pending before the Court are Defendant's Motion for Extension of Time to Amend § 2255 Motion (Docket No. 12), Motion to Compel Mr. Philip Gordon to Provide Defendant with a Complete Copy of Defendant's Case File (Docket No. 14), Motion to Compel Mr. Wade Curtis to Provide Defendant with a Complete Copy of Defendant's Case File (Docket No. 15), Motion for Reconsideration of Decision Dismissing § 2255 Motion (Docket No. 18), and renewed Motion for Extension of Time to Amend § 2255 Motion (Docket No. 19).[1]

Because the Court conclusively finds that the decisional process would not

---

[1] Docket references pertaining to the § 2255 proceeding shall be to the civil case noted above in the caption and docket references pertaining to the underlying criminal case shall be to the criminal case noted above in the caption.

**Memorandum Decision and Order - 1**

be significantly aided by oral argument, the Court will address and resolve these motions without a hearing. Therefore, having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

## BACKGROUND

As more fully set forth in the August 27, 2007 Memorandum Decision and Order ("Order of Dismissal") (Docket No. 10), Defendant ("Butler") was sentenced to a term of imprisonment of 181 months consisting of concurrent sentences of 121 months and 120 months, respectively, on drug and firearm charges to be followed by a consecutive sentence of 60 months on a charge of use of a firearm in furtherance of a drug trafficking crime. *Judgment* (Docket No. 118). Butler timely appealed his conviction and sentence. The Ninth Circuit affirmed his conviction but remanded the case to this Court pursuant to *Ameline* and *Booker* for a determination of whether the Court would have imposed a materially different sentence under advisory guidelines. *See* USCA Memorandum Decision (Docket No. 131) (citing [United States v. Booker, 125 S.Ct. 738, 769 (2005)](#) and [United States v. Ameline, 409 F. 3d 1073, 1084-85 (9th Cir. 2005) (en banc)](#)).

On December 22, 2005, having reviewed and considered the parties' resentencing memoranda, the Court entered its Order that the sentence would not

**Memorandum Decision and Order - 2**

have been materially different under advisory guidelines because of the statutory mandatory minimum sentences involved with the drug possession charge and the firearm charge totaling 180 months. *Memorandum Decision and Order* (Docket No. 146 in CR-03-131-S-BLW) (noting that at most the difference would be one month which the Court did not deem material). Butler did not appeal the Court's decision. However, on December 22, 2006, through retained counsel Dennis Benjamin, Butler timely filed a § 2255 Motion alleging ineffective assistance of appointed counsel Wade Curtis for failure to file a notice of appeal. On March 13, 2007, Philip Gordon filed a Stipulation for Substitution of Counsel substituting himself for Mr. Benjamin. Docket No. 8. Pursuant to that Stipulation, the Court thereafter ordered that Mr. Gordon replace Mr. Benjamin as retained counsel of record. Docket No. 9.

On August 27, 2007, the Court denied the § 2255 Motion. Docket No. 10. In denying the Motion, The Court determined from the record before it that Butler had not asked Curtis to file an appeal. The Court further concluded that Curtis had no duty to ask Butler whether he wanted to appeal, because he had no reason to believe that Butler would have wanted to file an appeal to challenge the Court's determination that the one month difference between the sentence imposed and the statutory mandatory minimum sentence was not material.

**Memorandum Decision and Order - 3**

On August 30, 2007, the Court received for filing Butler's *pro se* Motion for Extension of Time to Amend and Motions to Compel Mr. Curtis and Mr. Gordon to turn over their files so that Butler could prepare an amended § 2255 motion that Mr. Gordon had failed to file. The Certificate of Service indicates that Butler mailed the motions on August 24, 2007, three days before the Court dismissed his § 2255 Motion.

As grounds for his motions, Butler alleges that because the statute of limitations was about the expire, Mr. Benjamin filed the § 2255 Motion as a "place holder" motion pending his retention of new counsel to file an amended § 2255 motion alleging several areas of ineffective assistance of counsel identified by Mr. Benjamin.[2] Mr. Benjamin assisted Butler in locating new counsel to assert those claims.

On January 5, 2007, Mr. Benjamin met with Mr. Gordon and advised him of the various grounds of ineffective assistance of counsel that he had identified. Butler retained Mr. Gordon, and Mr. Benjamin transferred to Mr. Gordon $8,387.50 representing the balance of the retainer Butler had paid to him. However, other than filing the Stipulation for Substitution of Counsel, Mr. Gordon

---

[2] Mr. Benjamin had advised Butler that he had a conflict of interest arising out of his law partner's representation of Butler on direct appeal.

**Memorandum Decision and Order - 4**

did not otherwise appear.  More specifically, he did not file the contemplated amended § 2255 Motion.  Therefore, Butler discharged Mr. Gordon and demanded the unused balance of $7,532.25 of the retainer.  *Notice to Court of Termination of Representation Agreement with Philip Gordon*, Attachment A (Docket No. 13).  Butler now seeks the files of Mr. Curtis and Mr. Gordon to enable him to prepare the amended motion himself.

## DISCUSSION

Because the Defendant's Motion for Extension of Time was received after the Order of Dismissal was filed, the Court must determine which was filed first.  Regardless of which is deemed to have been filed first, however, the ultimate issue is whether Defendant should be given leave to amend based on Mr. Gordon's failure to file an amended motion.  That determination depends on whether new claims would be barred by the statute of limitations.  Underlying those issues is the issue of whether the Court can even consider Butler's *pro se* motions when Mr. Gordon is still his attorney of record.

### A. Motion to Extend Time to Amend

Prisoners are entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk

**Memorandum Decision and Order - 5**

of court. *See* Houston v. Lack, 487 U.S. 266 (1988); *see also* Rule 3(d) of the Rules Governing Section 2255 Proceedings (incorporating the *Houston v. Lack* decision).³ A prisoner may establish timely filing under the mailbox rule "by either (1) alleging and proving that he or she made timely use of the prison's legal system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid." *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005) (citing *Ceballos-Martinez*, 387 F.3d 1140, 1144-45 (10th Cir. 2004) and construing Fed. R. App. P. 4(c) noting that it "mirrored" the newly enacted habeas rules and incorporated *Houston v. Lack*). However, to avail himself of the prisoner mailbox rule, a

---

³ Rule 3(d) was added in 2004 and parallels Fed. R. App. P. 25(a)(2)(C). Rules Governing Section 2255 Proceedings advisory committee's note. That Rule in turn is a companion to Fed. R. App. P. 4(c). Fed. R. App. P. 25 advisory committee's note. Rule 4(c) was added to reflect the *Houston v. Lack* decision. Fed. R. App. P. 4 advisory committee's note. The Rule provides that:

> [a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

**Memorandum Decision and Order - 6**

prisoner must be litigating *pro se* and have delivered his legal document to prison authorities for delivery to the Court. *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

On August 24, 2007, at the time Butler delivered his motions and notice of termination of representation to prison authorities for mailing, he was still represented by counsel in the eyes of the Court. The Court had not entered an Order substituting Butler for Mr. Gordon. *See* D. Idaho L. Civ. R. 83.6(a). Because he was not litigating *pro se*, Butler was technically precluded from taking advantage of the mailbox rule. *See Stillman*, 319 F.3d at 1202 (holding that mailbox rule did not apply because prisoner had some assistance of attorney although petition was filed *pro se*). *See also Rutledge v. United States*, 230 F.3d 1041 (7th Cir. 2000) (holding that mailbox rule was not available to petitioner represented by counsel). Furthermore, Butler did not comply with the technical requirements of Rule 3(d). *See Price*, 420 F.3d at 1166 (holding that mailbox rule was not applicable because alleging only that he used the institutional mail system was not sufficient to denote legal mail system, and prisoner did not execute a notarized statement or declare under penalty of perjury). However, the Court is of the view that Butler was effectively acting as *pro se* counsel in seeking to discharge his attorney, entering an appearance, and requesting that the Court

**Memorandum Decision and Order - 7**

recognize his *pro se* status, and the defects in the Certificate of Service are likely curable by a clarifying affidavit. To deny Butler the benefit of the mailbox rule would elevate form over substance. Therefore, the Court will apply the mailbox rule and deem his motions to have been filed on August 24, 2007. Accordingly, Butler's Motion for Extension is granted, the Court will construe the Motion for Reconsideration as a Motion to Amend, and the Order of Dismissal entered on August 27, 2007 is set aside *nunc pro tunc* so as to permit the Court to consider whether it would have permitted Butler's request for leave to amend had it been received by the Court prior to the entry of the Order of Dismissal.

**B.     Motion to Reconsider Construed as a Motion to Amend**

Butler asks leave of Court to amend his § 2255 Motion to include various other grounds of ineffective assistance of counsel because –

> [a]fter thoroughly researching every facet of [his] criminal case and direct appeal, Mr. Benjamin informed [him] that he had identified several serious, and legitimate questions regarding the level and quality of representation [Butler] had received, that, in Mr. Benjamin's expert opinion, did and do rise to the level of ineffective assistance of counsel . . . .

*Brief in Support of Motion to Reconsider*, p. 2 (Docket No. 18-2).

Although Butler contends that Mr. Benjamin relayed those grounds to Mr. Gordon, and the Court presumes Mr. Benjamin conveyed them to Butler as well,

**Memorandum Decision and Order - 8**

Butler does not specify what those grounds are. He merely states that Mr. Benjamin discussed those grounds with Mr. Gordon on January 5, 2007, and informed Mr. Gordon that he would be expected to prepare and file the amended § 2255 motion. He does not allege if Mr. Gordon was directed to file it by a date certain. *Id.* at p. 3.

### 1. Amendment to Pleadings

The Federal Rules of Civil Procedure apply to § 2255 proceedings to the extent that they are not inconsistent with the § 2255 rules. *See* Rule 12 of the Rules Governing Section 2255 Proceedings. Rule 15 provides that a party may amend a pleading after a responsive pleading has been filed only with leave of court or the consent of the adverse party. Fed. R. Civ. P. 15(a). An amendment to a pleading relates back to the date the original pleading was filed if "the claim . . . asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). However, an amended motion does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 648 (2005). In such circumstances, the date the amended pleading is filed is used as to the new claims when determining if they were filed within the statute of

**Memorandum Decision and Order - 9**

limitations.

### 2. Statute of Limitations

A § 2255 motion must be filed within one year from the latest of several potential dates under 28 U.S.C. § 2255 (paragraph 6). The relevant date in this case is the date on which Butler's conviction became final. When there is no direct appeal, a judgment of conviction becomes final ten days after the district court enters judgment. *See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001)*.

Here, the Court's decision denying resentencing, from which Butler did not appeal, was entered on December 22, 2005. Excluding intervening Saturdays, Sunday, and legal holidays (Christmas and New Years), the conviction became final on January 9, 2006. Therefore, Butler was required to bring his claims by January 9, 2007. Defendant filed his motion to extend the time to amend on August 30, 2007. Therefore, unless the claims to be asserted in the amended § 2255 motion relate back to the claim in the original § 2255 Motion, they are statutorily time-barred.

As stated above, the sole ground asserted in the so-called "place holder" § 2255 Motion was a very narrow claim of ineffective assistance of counsel based on failure to file a notice of appeal following the resentencing decision. The new

**Memorandum Decision and Order - 10**

claims of ineffective assistance of counsel pertain to the "criminal case and direct appeal." *Brief in Support of Motion for Reconsideration*, at p. 2 (Docket No. 18-2). Those claims would necessarily differ in time and type from the narrow claim asserted in the original § 2255 Motion.

Claims pertaining to the criminal case would include allegations of ineffective assistance of counsel in the context of discovery, pre-trial, trial, and/or sentencing stages of the proceeding. Claims pertaining to the direct appeal would involve ineffective assistance of counsel claims against different appellate counsel at a different stage of the proceeding – after sentencing rather than after resentencing. Certainly, the new claims would not have arisen "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" as required by Rule 15(c)(2). Indeed, the original claim was limited to one failure within a 10-day period of time totally unrelated to any potentially alleged ineffectiveness at any other stage of the proceeding.

The Court cannot envision any claims that Butler could assert that would relate back to the original claim filed on December 22, 2006. Therefore, absent equitable tolling, Butler's new claims would have been subject to dismissal unless Mr. Gordon filed the amended § 2255 motion on or before January 9, 2007, a mere four days after Mr. Benjamin consulted with and engaged the services of Mr.

**Memorandum Decision and Order - 11**

Gordon. However, Butler did not allege that Mr. Gordon was given specific directions to file by any specific date.

### 3. Equitable Tolling

In the context of § 2254 proceedings, the Ninth Circuit has held that equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" and "the extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). The Ninth Circuit has subsequently held that the principle of equitable tolling also applies to the one-year time limitation in § 2255. *See United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004) (following the lead of several other circuits in treating the § 2254 and § 2255 limitations sections similarly).

Equitable tolling is warranted in very limited circumstances. *Spitsyn*, 345 F.3d at 799. Grounds sufficient for equitable tolling are "highly fact-dependent." *Whalen/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000). It is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). A defendant invoking equitable tolling has the burden of establishing both that he has been diligently pursuing his rights and that extraordinary circumstances

**Memorandum Decision and Order - 12**

prevented timely filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Generally, attorney negligence does not constitute extraordinary circumstances even if that negligence includes miscalculation of the statute of limitations.  *Miranda v. Castro*, 292 F.3d 1063, (9th Cir.), *cert. denied*, 537 U.S. 1003 (2002).  *See also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (statute of limitations not equitably tolled by attorney's mistake resulting in missed deadline)); *Taliani v. Chrans* 189 F.3d 597-98 (7th Cir. 1999) (same);  *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (per curiam) (no equitable tolling where delay was allegedly caused by counsel's decision to mail the petition by regular mail rather than expedited delivery).[4]  Nevertheless, attorney misconduct  that rises to the level of "egregious" misconduct may be grounds for equitable tolling.  *Spitsyn*, 345 F.3d at 799 (equitable tolling warranted where attorney was retained to prepare and file a petition, failed to do so, and disregarded requests to return petitioner's files until well after deadline).  *See also Ford v. Hubbard*, 330 F.3d 1086, 1106-07 (9th Cir. 2003), *rev'd on other grounds sub nom. Pliler v. Ford* 542 U.S. 225 (2004) (attorney's failure to take steps necessary

---

[4] *Hutchinson* based its opinion at least in part on the fact that there is no constitutional right to counsel in a § 2255 action.

**Memorandum Decision and Order - 13**

to protect client's interests may be so egregious and atypical that equitable tolling is warranted).

The Court finds it difficult to find extraordinary circumstances beyond Butler's control here.  Butler was aware as early as March, 2006, that Mr. Curtis had not filed a notice of appeal. *§ 2255 Motion,* Attachment 2 (Docket No. 1) (letter dated March 17, 2006 from Mr. Curtis to Butler advising that he had not filed a notice of appeal).  However, he apparently did not contact Mr. Benjamin until December, 2006, regarding filing a § 2255 motion.  Butler does not allege any reasons for that nine-month delay.  Rather, Butler focuses on the failure of Mr. Gordon to file the amended motion.

While the Court is concerned with Mr. Gordon's apparent failure to file an amended § 2255 motion despite being engaged and paid to do so, the Court finds that Butler would not be entitled to equitable tolling based on that failure.  While at first blush Butler's situation appears to be similar to that of the defendant's in *Spitsyn*, there are significant differences.  Here, Mr. Gordon was hired a mere four days before the statute of limitations was due to run whereas the attorney in *Spitsyn* was hired nearly a full year before the deadline.  Butler's numerous inquiries of Mr. Gordon regarding filing the amended motion were made after the deadline whereas in *Spitsyn* the defendant's numerous requests for action by his attorney

**Memorandum Decision and Order - 14**

were made during the limitations period.

It is apparent from Butler's allegations that both Mr. Benjamin and Mr. Gordon were under the impression that the "place holder" § 2255 Motion was sufficient to bring his other claims within the statute of limitations. This mistaken belief is akin to miscalculating the statute of limitations and does not amount to "egregious" or "atypical" misconduct sufficient to warrant the application of equitable tolling. In any event, it would be a waste of judicial resources to allow Butler to amend his § 2255 Motion to include additional claims which would be subject to dismissal on statute of limitations grounds.

### D.     Motions to Compel

Depending on the claims asserted, the files of Mr. Curtis could have been subject to discovery had Butler actually filed an amended § 2255 motion asserting additional grounds of ineffectiveness and had the Court deemed discovery necessary. *See* Rule 6 of the Rules Governing § 2255 Proceedings. However, given the Court's denial of the Motion to Amend, they are not. Accordingly, Butler's motion with regard to Mr. Curtis's files is moot.

On the other hand, Mr. Gordon was retained counsel and apparently held or holds a retainer more than sufficient to have paid for any of his services to the date of discharge. The Court will not interject itself into the attorney-client contractual

**Memorandum Decision and Order - 15**

relationship with retained counsel beyond noting that upon discharge, an attorney shall surrender "papers and property to which the client is entitled and refund[ing] any advance payment of fee or expenses that has not been earned or incurred." *IRPC* 1.16 (d).

Although a discharged attorney may retain client papers until payment for services is received, that does not appear to be an issue here.  See *Defendant A v. Idaho State Bar*, 2 P.3d 147, 151 (Idaho 2000); *Apa v. Qwest Corporation*, 402 F. Supp. 2d 1247, 1250 (D. Colo. 2005) (addressing identical Colo. RPC 1.16 and stating that papers should be surrendered without additional cost to the client).  If Mr. Gordon has not returned Butler's file by now, or if Butler contends there are other documents to which he is entitled that were not turned over, Butler may contact the Idaho State Bar, P.O. Box 895, Boise, ID   83701 or at 208-334-4500.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Butler's Motion for Extension of Time to Amend § 2255 Motion (Docket No. 12) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Butler's Motions to Compel (Docket Nos. 14 and 15) and Renewed Motion for Extension of Time to Amend (Docket No. 19) are MOOT.

IT IS FURTHER HEREBY ORDERED that Butler's Motion of

Reconsideration of Decision Dismissing § 2255 Motion construed as a Motion to Amend  (Docket No. 18) is DENIED.

IT IS FURTHER HEREBY ORDERED that the Court's Memorandum Decision and Order (Docket No. 10) and Judgment (Docket No. 11) denying Butler's § 2255 Motion is REINSTATED and shall be deemed filed as of this date.



DATED:  **November 20, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge